**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| INLINE PLASTICS CORP., <br> a Connecticut corporation, <br><br> Plaintiff, <br><br> v. <br><br> FLEXERPAC PACKAGING SOLUTIONS INC. <br> a New York corporation, <br><br> Defendant. | Civil Action No.: 19-cv-11139 <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Inline Plastics Corp. (hereinafter "Inline Plastics") complains against Defendant Flexerpac Packaging Solutions Inc. (hereinafter "Flexerpac" or "Defendant"), as follows:

**INTRODUCTION**

1. Inline Plastics is an innovator in the packaging industry, particularly in the field of clear, disposable, secure containers for produce, deli products, baked goods, and other perishable foods. Relevant to this action, Inline Plastics invented and patented novel tamper-resistant and tamper-evident ("tamper-resistant/tamper-evident") containers, which it sells under the SAFE-T-FRESH® brand name, among others. Due to the innovative, patented design and operation of these tamper-resistant/tamper-evident containers, Inline Plastics has become a market leader in the relevant product category. Flexerpac sells competing packaging, including its "SAFETY PAC" line of tamper resistant/tamper-evident containers. Inline Plastics accuses Flexerpac of infringing two patents directed to these tamper-resistant/evident containers.

## THE PARTIES

2. Plaintiff Inline Plastics is a Connecticut corporation having its principal place of business at 42 Canal Street, Shelton, Connecticut 06484 and has been engaged in the research, development, manufacture, and sales of thermoformed plastic containers for over 50 years.

3. Defendant Flexerpac is, on information and belief, a New York corporation engaged in the sales of plastic containers. The contact subpage of Defendant's website, www.flexerpac.com, lists 716 Morris Park Ave, Bronx NY 10462 as its only place of business.

## JURISDICTION AND VENUE

4. This action is for patent infringement and arises under the patent laws of the United States, Title 35, United States Code. As such, this Court has proper, original and exclusive jurisdiction over the subject matter of this action based on 28 U.S.C. §§ 1331 (federal question), 1332 (diversity), and 1338 (patent actions).

5. This Court has personal jurisdiction over Flexerpac because it is incorporated in New York and upon information and belief has its principal place of business in this district, conducts continuous, systematic, and routine business within this judicial district, and/or has committed tortious acts in this district including offers to sell and/or selling infringing products in this district.

6. Venue is proper in this Court under the provisions of 28 U.S.C. 1400(b) because upon information and belief: (a) Flexerpac is a New York corporation based in the Bronx, NY and (b) Flexerpac resides in this district and/or has a regular and established place of business in this district and has committed acts of infringement within this district.

7. Upon further information and belief, Defendant's state registration inaccurately lists 413 Smith Street Brooklyn, New York, 11231 as its address for service because certified

mail addressed to Flexerpac at that address has been returned as "Addressee Not Known."

## THE ASSERTED PATENTS

### A. The '003 Patent

8. On October 10, 2006, the United States Patent & Trademark Office ("USPTO") issued United States Patent No. 7,118,003, entitled "Tamper Resistant Container with Tamper-Evident Feature and Method of Forming the Same" ("the '003 Patent"). The named inventors are Robert Sellari, Peter Boback, and Bruce Stein, all of whom were employees of Inline Plastics. A copy of the '003 Patent is attached as Exhibit A.

9. The inventors assigned their rights in the '003 Patent to Inline Plastics, which owns the full rights, title, and interest in and to the '003 Patent.

10. The '003 Patent has not expired and is in full force and effect.

11. Pursuant to 35 U.S.C. § 282, the '003 Patent and each of its claims are presumed valid.

12. Inline Plastics marks its tamper resistant/tamper-evident containers, such as its SAFE-T-FRESH® line of containers, with the '003 Patent, either physically on the containers themselves or virtually, in compliance with 35 U.S.C. § 287(a), and thus gives at least constructive notice of the '003 Patent to the public, including to Flexerpac.

### B. The '680 Patent

13. On July 11, 2006, the USPTO issued United States Patent No. 7,073,680, entitled "Tamper-Resistant Container With Tamper-Evident Feature and Method of Forming The Same" ("the '680 Patent"). The named inventors are Peter Boback, Robert Sellari, Bruce Stein, Daniel A. Landan, and Tadeusz J. Klimaszewski, all of whom were employees of Inline Plastics. A copy of the '680 Patent is attached hereto as Exhibit B.

14. The inventors assigned their rights in the '680 patent to Inline Plastics, which owns the full rights, title, and interest in and to the '680 Patent.

15. The '680 Patent has not expired and is in full force and effect.

16. Pursuant to 35 U.S.C. § 282, the '680 Patent and each of its claims are presumed valid.

17. Inline Plastics marks its tamper resistant/tamper-evident containers, such as certain products in its SAFE-T-FRESH® line of containers, with the '680 Patent, either physically on the containers themselves or virtually, in compliance with 35 U.S.C. § 287(a), and thus gives at least constructive notice of the '680 Patent to the public, including to Flexerpac.

## THE ACCUSED PATENT INFRINGEMENT

18. Inline Plastics makes and sells numerous tamper-resistant/tamper-evident containers, in a variety of sizes and configurations, embodying or manufactured using one or more claims of the two patents-in-suit. Inline Plastics sells these patented containers under the SAFE-T-FRESH® brand name, among others. One distinguishing feature of these containers is the frangible hinge which can be in the form or a tear strip that must be at least partially severed or removed to facilitate opening the lid of the container. The severing or removal of the tear strip also functions as a visual indication of tampering with the container. Figure 16, which is common to the two patents-in-suit, shows one possible embodiment of the patented containers and is depicted below:

ME1 32030858v.3



19. Flexerpac is, without authority, making, using, offering to sell, and/or selling plastic, tamper-resistant/tamper-evident containers, including, but not limited to, the tamper-resistant/tamper-evident containers marketed under the "SAFETY PAC" brand name including tamper-resistant/tamper-evident containers marked with the product identification numbers SP08; SP12; SP16; SP20; SP24 and SP32 (collectively, the "Accused Products") that infringe one or more claims of Inline Plastics' two patents-in-suit. Flexerpac's Accused Products compete directly with the tamper-resistant/tamper-evident containers made and sold by Inline Plastics.

20. Indeed, on information and belief, as a direct consequence of Flexerpac's infringing activities, Inline Plastics has lost sales of its patented tamper-resistant containers to customers in New York.

21. Attached as Exhibit C is a claim chart showing exemplary infringement of Claim 17 of the '003 Patent and Claim 1 of the '680 Patent by a representative of Flexerpac's Accused Products. While the Accused Products appear to differ in size they all appear to have the same configuration and features that are relevant to the patent claims. Accordingly, for purposes of this complaint only, the sample Flexerpac product represented in the claim charts exemplifies

the infringement of the other Accused Products. In addition, while the claim charts show infringement of just Claim 1 of each patent, more claims of each patent are infringed. These claim charts are based on preliminary analysis and may be amended and/or supplemented. The claim chart is for notice purposes under Fed. R. Civ. P. 8 and 12.

## COUNT I - INFRINGEMENT OF THE '003 PATENT

22. Inline Plastics re-alleges and incorporates by reference the preceding paragraphs as though fully set out herein.

23. In violation of 35 U.S.C. § 271, Flexerpac has been infringing, and continues to infringe, the '003 Patent by way of manufacturing, using, offering to sell, and/or selling within the United States and without authority the Accused Products that are covered literally or by equivalents one or more of the claims of the '003 Patent.

24. Flexerpac had at least constructive notice of the '003 Patent pursuant to 35 U.S.C. §287(a) because Inline Plastics marks its tamper resistant/tamper-evident containers with the '003 Patent. Further, on January 15, 2019, Inline Plastics sent a letter to Flexerpac by the email address appearing on the Flexerpac website providing actual notice of the '003 Patent. This letter was also sent to Caucaspack, a company located in the country of Georgia which appears to be an affiliate of Flexerpac and on information and belief is manufacturing the Accused Products for sale by Flexerpac in the U.S. This letter establishes that Flexerpac had actual notice of the '003 Patent at least as early as January 2019.

25. Flexerpac has profited, and continues to profit, from its manufacture, use, offer to sell, and sale of the Accused Products.

26. On information and belief, Flexerpac's infringement of the '003 Patent has been and continues to be willful, wanton, and deliberate.

27. Inline Plastics has been, and continues to be, damaged and irreparably harmed by Flexerpac's infringement of the '003 Patent.

## COUNT II- INFRINGEMENT OF THE '680 PATENT

28. Inline Plastics re-alleges and incorporates by reference the preceding paragraphs as though fully set out herein.

29. In violation of 35 U.S.C. § 271, Flexerpac has been infringing, and continues to infringe, the '680 Patent by way of manufacturing, using, offering to sell, and/or selling, within the United States and without authority, Accused Products that are covered literally or by equivalents one or more of the claims of the '680 Patent.

30. Flexerpac had at least constructive notice of the '680 Patent pursuant to 35 U.S.C. §287(a) because Inline Plastics marks its tamper resistant/tamper-evident containers with the '680 Patent. Further, on January 15, 2019, Inline Plastics sent a letter to Flexerpac by the email address appearing on the Flexerpac website providing actual notice of the '680 Patent. This letter was also sent to Caucaspack, a company located in the country of Georgia which appears to be an affiliate of Flexerpac and on information and belief is manufacturing the Accused Products for sale by Flexerpac in the U.S. This letter establishes that Flexerpac had actual notice of the '680 Patent at least as early as January 2019.

31. Flexerpac has profited, and continues to profit, from its manufacture, use, offer to sell, and sale of the Accused Products.

32. On information and belief, Flexerpac's infringement of the '680 Patent has been and continues to be willful, wanton, and deliberate.

33. Inline Plastics has been, and continues to be, damaged and irreparably harmed by Flexerpac's infringement of the '680 Patent.

## DEMAND FOR JURY TRIAL

34. Pursuant to Rule 38 of the Federal Rule of Civil Procedure, Inline Plastics demands trial by jury on all claims asserted herein.

## PRAYER FOR RELIEF

35. WHEREFORE, Inline Plastics requests judgment in its favor, including:

   A. Judgment that Flexerpac has infringed and/or is infringing the '003 patent in violation of 35 U.S.C. § 271;

   B. Judgment that Flexerpac has infringed and/or is infringing the '680 patent in violation of 35 U.S.C. § 271;

   C. Judgment that Flexerpac's infringement of the '003 and '680 patents has been willful;

   D. An award of damages under 35 U.S.C. § 284 adequate to compensate Inline Plastics for Flexerpac's infringement of the '003 Patent and an accounting to determine the proper amount of such damages;

   E. An award of damages under 35 U.S.C. § 284 adequate to compensate Inline Plastics for Flexerpac's infringement of the '680 Patent and an accounting to determine the proper amount of such damages;

   F. A determination that this case is exceptional and that any damages award be trebled as a result of Flexerpac's willful, wanton, and deliberate acts of infringement;

   G. An award pursuant to 35 U.S.C. § 284 of costs, prejudgment, and post judgment interest on Inline Plastics' compensatory damages;

   H. An award pursuant to 35 U.S.C. § 285 of Inline Plastics' attorneys' fees incurred

in this action;

I. An order under 35 U.S.C. § 283 preliminarily and permanently enjoining Flexerpac, including its officers, agent, attorneys, employees, or anyone acting in privity or concert with them, from infringing the '003 and '680 Patents;

J. An order requiring Flexerpac to surrender for destruction or other disposition, at the election of Inline Plastics, of the manufacturing tooling, materials, prints, specifications, drawings, molds, extrusions, dies, castings, prototypes, computer programs, manuals, programs, models, all components and assemblies in all states, and any and all inventory of articles that infringe the patents-in-suit.

K. An award of such further and other relief as this Court may deem just and proper.

Dated: December 4, 2019           */s/ Mark H. Anania*

Mark H. Anania
**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
Telephone: (973) 622-4444

David J. Silvia (*pro hac vice to be applied*)
**McCARTER & ENGLISH, LLP**
201 Broad Street
Stamford, CT 06901

*Attorneys for Plaintiff*
*Inline Plastics Corp.*